# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MARGIE COLBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-422(MTT) |
| | ) |
| LVNV FUNDING, LLC, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Defendants have moved for a more definite statement. Doc. 9. In response, the Plaintiff filed an amended complaint (Doc. 21), which did not materially change the initial complaint, and a response to the motion (Doc. 22) that relies on *Conley v. Gibson*, 355 U.S. 41 (1957), a well-known case abrogated by a more well-known case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The Court would grant the Defendants' motion for the sloppiness of the complaint and amended complaint alone. But the problems with the complaints do not end there. The complaint fails to allege in separate counts how the Defendants committed the alleged statutory violations. It is not sufficient to simply allege, as the complaints do, "numerous and multiple violations of the FDCPA." *E.g.*, Doc. 21 ¶ 45, 51. If the Plaintiff intends to allege fraud, the complaint shall allege that fraud with particularity. Fed. R. Civ. P. 9(b). The Plaintiff must allege her special damages, if she has any. Fed. R. Civ. P. 9(g). The Plaintiff's response to the motion suggests that the Defendants, based on

settlement discussions between counsel, know exactly what the alleged violations are. If that is true, it should be easy to allege those violations in a properly drafted complaint.

The Plaintiff shall file her amended complaint within seven (7) days of this order.

**SO ORDERED**, this 24th day of January, 2018.

                                          S/ Marc T. Treadwell
                                          MARC T. TREADWELL
                                          UNITED STATES DISTRICT COURT